UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------
LARRY PORTER,

                                      Plaintiff,

    -v.-                                                              9:04-CV-0988
                                                                                   (TJM)(DRH)

CRAIG GUMMERSON, *et al.*,

                                       Defendants.
--------------------------------------------------------------------

**APPEARANCES:**                              **OF COUNSEL:**

LARRY PORTER
Plaintiff, *pro se*

HON. ELIOT SPITZER                       JAMES SEAMAN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York  12224

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

### DECISION and ORDER

Presently before the Court for is a Motion to Compel Discovery filed by Larry Porter ("Plaintiff" or "Porter"). Dkt No. 19. The Defendants have filed opposition to this Motion. Dkt. No. 21.

Initially, the Court notes that the Motion fails to comply with the Rules of Practice for the Northern District of New York as Plaintiff did not attach copies of his original discovery demands to the Motion.[1] Rather, Plaintiff submitted a document, dated July

---

[1] Rule 26.2 of the Local Rules of the Northern District of New York ("Local Rules") provides in relevant part that:
> Any motion pursuant to Fed.R.Civ.P. 37 shall be accompanied by the discovery materials to which the motion relates if those materials have not previously been filed with the Court.

18, 2005, and entitled "Motion to Compel," that demands a response to "paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 contained on Plaintiff Discovery Demanded: Dated of (4-April -2005)." Dkt. No. 19. In a document dated August 8, 2005, and entitled "Affidavit," Plaintiff alleges that the Defendants failed to respond to Discovery Demanded "Dated 4-April-2005, 6, 20-May-2005, 6-July-2005." *Id*. Plaintiff's Motion papers also contain copies of letters Plaintiff sent to Defendants' counsel requesting responses to Plaintiff's discovery demands. These letters were dated May 6, 2005, May 20, 2005 and July 6, 2005. *Id*.

Defendants' counsel has advised the Court that the Motion papers served on counsel are not the same papers as were filed with this Court as Plaintiff's Motion to Compel. *See*, Dkt. No. 21, Affirmation of James Seaman.[2] Plaintiff's failure to serve Defendants' counsel with a complete copy of this Motion is, standing alone, sufficient reason for this Court to deny Plaintiff's Motion.

The Defendants also assert that this Motion should be denied due to Plaintiff's failure to confer with counsel prior to bringing this Motion. In his Affirmation, Defendants' counsel argued "It is submitted that merely sending a follow-up letter stating that the demand is proper without any explanation as to why it is a proper demand does not constitute a 'good faith' demand under the Federal Rules of Civil Procedure. Thus, this motion should be denied for failure to serve a 'good faith' demand for the materials sought." Dkt. No. 21, Affirmation of James Seaman, ¶9. The

---

[2]The Affirmation attaches one page entitled "Affidavit" notarized on August 8, 2005 and an Affidavit of Service notarized on August 8, 2005. See Dkt. No. 21, Exhibit A. These appear to be two of the eleven pages filed with the Court by Plaintiff as his Motion to Compel.

2

Defendants further argue that their Responses to Plaintiff's discovery demands are proper. See Dkt. No. 21.[3] However, Defendants' argument with respect to Plaintiff's alleged failure to confer in good faith is, at best, disingenuous. It is undisputed that Plaintiff served his first discovery demands as early as April, 2005. It is also clear that the Motion to Compel deadline had been set by this Court for August 30, 2005. See Pretrial Scheduling Order dated February 1, 2005, Dkt. No. 12. As of August 30, 2005 Defendants had not responded to <u>any</u> of Plaintiff's discovery demands.[4] Thus, Plaintiff's letters simply demanding responses were entirely appropriate. Until Defendants served their responses on September 6, 2005, Plaintiff had no responses to confer with counsel over. Rather, Plaintiff was simply trying to compel an initial response to his discovery demands. Plaintiff filed this Motion on August 10, 2005 in accordance with this Court's February 1, 2005 Order.

On September 6, 2005 Defendants filed and served their response to this Motion. Plaintiff did not file a Reply taking issue with Defendants' assertions that counsel was not served with a full set of Motion papers. Moreover, since September 6, 2005, Plaintiff has not indicated to the Court that he believes that the September 2005 responses fail to fully respond to his discovery requests or that the objections raised to specific demands are not well founded. Therefore, Plaintiff's Motion to Compel

---

[3] Defendants provided the Court with their responses to "Discovery Demanded" dated April 4, 2005, May 6, 2005, and May 20, 2005. See Dkt. No. 19, Exhibits B -D.

[4] Thus, it is clear to this Court that Defendants' counsel wholly failed to observe the requirements of the Court's February 1, 2005 Order with respect to completion of discovery, and compounded his defiance of the Order by failing to request an extension of the discovery deadline so as to timely respond to Plaintiff's discovery demands. Such willful noncompliance is not viewed favorably by this Court.

3

responses to his discovery demands must be denied as moot. *See, e.g., Johnson v. Schmidt*, 1992 U.S.Dist. LEXIS 8342, *1 (E.D.N.Y. 1992) (denying motion to compel filed by inmate where defendants had already responded to interrogatories and requests for production); *Hamilton v. Poole*, 1997 WL 626406, *6 (W.D.N.Y. Sep. 22, 1997) (denying motion to compel filed by plaintiff where defendants responded to discovery after motion was filed).

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Compel Discovery (Dkt. No. 19) is DENIED, and it is further

ORDERED, that the dispositive motion filing deadline is set for **May 1, 2006**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:     January *19*    , 2006

David R. Homer
U.S. Magistrate Judge