**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LARRY PORTER,

                                        Plaintiff,

        v.                                                              No. 04-CV-988
                                                                         (TJM/DRH)

CRAIG GUMMERSON; S. YORKEY; and KAREN
QUINN, Registered Nurse,

_____        Defendants.
_____

**APPEARANCES:**                       **OF COUNSEL:**

LARRY PORTER
No. 88-A-4542
Plaintiff Pro Se
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871

HON. ANDREW M. CUOMO              JAMES J. SEAMAN, ESQ.
Attorney General for the             Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff pro se Larry Porter ("Porter"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, three DOCS employees, violated his constitutional

rights under the First and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently

_____

        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Docket No. 27.  Porter opposes the motion.  Docket No. 28.[2]  For the following reasons, it is

recommended that defendants' motion be granted.


## I. Background

The facts are presented in the light most favorable to Porter as the non-moving party.

See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

At all relevant times, Porter was incarcerated at Auburn Correctional Facility

("Auburn").  On April 19, 2002, defendant Yorkey was escorting defendant Quinn on her

medication rounds through the Special Housing Unit ("SHU").[3]  See Gummerson Aff.

(Docket No. 27), Ex. A.  When Quinn  walked past Porter's cell, Porter began yelling

offensive comments toward Quinn despite Yorkey's directions to stop.  Id.  On April 20,

2002, Porter was served with a misbehavior report charging him with harassment and

refusal to obey a direct order.  See Gummerson Aff. (Docket No. 27), Ex. B at 2.  After a

disciplinary hearing, defendant Gummerson, the hearing officer, found Porter guilty and

---

[2] In his reply to defendants' motion for summary judgment, Porter abandons his
First Amendment retaliation claim.  Pl. Reply Mem. of Law (Docket No. 28) at ¶ 4, 14, 16.
Therefore, it is recommended that this cause of action be dismissed pursuant to Fed. R.
Civ. P. 41(a)(2).  Porter also abandons his Fourteenth Amendment due process claim
against defendants Yorkey and Quinn and, thus, it is recommended that these defendants
be dismissed from the action pursuant to Fed. R. Civ. P. 41(a)(2).  Id. at ¶ 3.  Therefore,
the only remaining cause of action is Porter's Fourteenth Amendment due process claim
against defendant Gummerson.

[3] SHUs exist in all maximum and certain medium security facilities.  The units
"consist of single-occupancy cells grouped so as to provide separation from the general
population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2006). Inmates are
confined in a SHU as discipline, pending resolution of misconduct charges, for
administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

sentenced him to six months in the SHU, six months loss of privileges,[4] and recommended

that he be placed on a disciplinary diet[5] for seven days.  See Gummerson Aff., Ex. A.

However, on June 3, 2002, the sentence was modified on administrative appeal by,

eliminating all penalties except for the seven-day disciplinary diet.  Selsky Aff. (Docket No.

27), Ex. B.  This action followed.


## II. Discussion

Porter's sole remaining cause of action alleges that Gummerson violated his

Fourteenth Amendment due process rights.


## A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to

any material fact if supported by affidavits or other suitable evidence and the moving party

is entitled to judgment as a matter of law. The moving party has the burden to show the

absence of disputed material facts by informing the court of portions of pleadings,

depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the

case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248

---

[4]Porter was already confined to the SHU with loss of privileges on unrelated charges under a setence to continue until 2029.  Gummerson Aff. at ¶¶ 6, 7.

[5]The diet consisted of a one-pound "loaf" of food substances, cabbage, and water served three times per day and containing approximately 4,000 calories and 125 grams of protein per day.  The diet suffices to sustain the needs of a healthy man of Porter's stature – approximately 6'3" and 190 pounds.  Culkin Aff. (Docket No. 27(12)) at ¶¶ 3, 4.

3

(1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).[6] However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.


### B. Liberty Interest

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). To establish a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472,

---

[6] Porter has filed at least two other federal actions since 2004.  See U.S. Party/Case Index (visited Jan. 12, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

483-84 (1995). This standard requires a prisoner to establish that the deprivation was atypical and significant in relation to ordinary prison life. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996).

After finding Porter guilty, Gummerson sentenced him as indicated above.  However, on June 3, 2002, Selsky modified Porter's sentence, eliminating all penalties except for the seven-day disciplinary diet.  Selsky Aff., Ex. B.  Thus, because Porter was already in SHU until 2029, the only punishment actually served by Porter was the seven-day disciplinary diet.  See Gummerson Aff., Ex. A; see also Scott v. Albury, 156 F.3d 283, 286-87 (2d Cir. 1998) (holding that courts must look to the actual punishment imposed and not the potential punishment when analyzing a due process claim); Dixon v. Goord, 224 F. Supp. 2d 739, 748 (S.D.N.Y. 2002).

In order to prove that a restricted diet gives rise to a protected liberty interest, a plaintiff must demonstrate that the diet was an atypical and significant hardship "and that the state, by regulation or statute, granted him a 'protected liberty interest in remaining free from' being placed on the restricted diet." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citations omitted); see also Amaral v. Greis, No. Civ. 00-6299, 2001 WL 1705112, at *2 (W.D.N.Y. Nov. 5, 2001) ("a plaintiff must allege that the restricted diet is nutritionally inadequate or otherwise poses a threat to his physical well-being").  The diet at issue here was limited in time and met the DOCS nutrition and dietary standards.  Culkin Aff. (Docket No. 27(12)) at ¶ 4.  Regardless of whether state law created such a liberty interest, then, Porter has failed to allege or prove that the diet was, in any way, a significant hardship.  See Smith v. Burge, No. Civ. 03-0955 (LEK/GHL), 2006 WL 2805242, at *13 & n.88 (N.D.N.Y. Sept. 28, 2006).

5

Thus, Porter has failed to establish the existence of a protected liberty interest.

Accordingly, it is recommended that defendants' motion on this ground be granted.

### C. Due Process

Porter contends that his due process rights were violated at the disciplinary hearing conducted by Gummerson.

At a prison disciplinary proceeding, an inmate is entitled to (1) advance written notice of the charges, (2) an opportunity to call witnesses if it conforms with prison security, (3) a statement of evidence and reasons for the disposition, and (4) a fair and impartial hearing officer.  Kalwasinski v. Morse, 201 F.3d 103, 108 (2d Cir. 1999) (citing Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974)).  Additionally, the finding of guilt must be supported by some evidence in the record to comport with due process.  Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Gaston v. Coughlin, 249 F.3d 156, 162 (2d Cir. 2001).

Here, Porter contends that there was insufficient evidence to support his conviction for harassment and refusal to obey direct orders.  As to the harassment of Quinn, Porter admitted during his disciplinary hearing that he made the obscene statements to her.  See Gummerson Aff., Ex. B at 15.  Regarding Porter's refusal to obey direct orders, Yorkey testified that he had repeatedly warned Porter to refrain from harassing the female nurses. See id. at 12; see also Gummerson Aff., Ex. A.  Thus, there was at least "some evidence" to support Porter's convictions for harassment and refusal to obey a direct order.  See Hill, 472 U.S. at 455.

Accordingly, in the alternative, defendants' motion should also be granted on the

6

merits of Porter's claim.[7]

## D. Qualified Immunity

Defendants also contends that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, as discussed supra, accepting all of Porter's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, in the alternative, defendants' motion for summary judgment on this ground should be granted.

---

[7]Although not urged by defendants, it also appears that Porter's due process claim must fail under the holdings of Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). Under those cases, an inmate's § 1983 claim for damages is not cognizable where a judgment in favor of the inmate "would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence "has previously been invalidated." Edwards, 520 U.S. at 643 (internal quotation marks omitted)). Here, although Porter's sentence was modified, his conviction was never vacated. Therefore, if he prevailed on his due process claim here, the judgment would necessarily imply the invalidity of that conviction. However, in light of the disposition recommended herein, this issue need not be resolved.

## E. "Strike" Under 28 U.S.C. § 1915(g)

Defendants also contend that this action is "frivolous for purposes of 28 U.S.C. § 1915(g)."  See Defs. Mem. of Law (Docket No. 27) at 1, 16.  An appeal is frivolous when it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A frivolous action advances 'inarguable legal conclusion[s]' or 'fanciful factual allegation[s].'  Tafari v. Hues, __ F.3d __, 2007 WL 28988, at *3 (2d cir. Jan. 4, 2007) (quoting Neitzke, 490 U.S. at 325).  If a prisoner receives three "strikes," he or she may be denied in forma pauperis status and precluded from bringing another action or appeal.  28 U.S.C. § 1915(g); see also Tafari, 2007 WL 28988, at *2.

Here, Porter abandoned all claims except his due process claim against Gummerson.  Because Porter voluntarily discontinued those claims, they were never adjudicated and should not, therefore, be deemed frivolous.  However, the due process claim against Gummerson was litigated by Porter and is being adjudicated.  If the analysis of that claim herein is adopted, that claim was "inarguable" under the law for at least two if not three separate reasons.  This renders that claim "frivolous" within the scope of § 1915(g) and defendants' motion on this ground should be granted.


### III.  Conclusion[8]

For the reasons stated above, it is hereby:

**RECOMMENDED** that:

_____

[8] Defendants also contend that Porter failed to exhaust his administrative remedies as to each cause of action.  However, because Porter's remaining Fourteenth Amendment claims are without merit, there is no need to address the failure to exhaust argument.

1. All Porter's claims against all defendants be **DISMISSED** with prejudice as abandoned by Porter except Porter's due process claim against Gummerson;

2. Defendant's motion for summary judgment (Docket No. 27) be **GRANTED** as to Porter's due process claim against Gummerson;

3. This action be **TERMINATED** as to all claims and all defendants; and

4. Defendants' motion for an order deeming the judgment in this action a "strike" under 28 U.S.C. § 1915(g) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:  January 18, 2007
        Albany, New York_____          _David R. Homer_____

                                             United States Magistrate Judge